IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SHERMAN LYNELL THOMAS,**

    Plaintiff,

vs.                                   Case No. 4:07cv347-SPM/WCS

**FRANKLIN COUNTY SCHOOL
BOARD, et al.,**

    Defendants.

                                    /

## ORDER and REPORT AND RECOMMENDATION

### Order to Amend

    Plaintiff, proceeding *pro se*, has filed a civil rights complaint, doc. 1, on August 8, 2007. Plaintiff did not pay the filing fee, but did submit a motion seeking leave to proceed *in forma pauperis*. Doc. 2. The motion is supported by a financial affidavit which sufficiently demonstrates good cause for granting the motion. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

    The complaint, doc. 1, has been reviewed and is insufficient to state a claim upon which relief may be granted. The deficiencies will be explained to Plaintiff and Plaintiff shall have an opportunity to file an amended complaint.

On page four of the complaint form, the directions require Plaintiff to state the facts of this case, describe the actions of the Defendants, and advise when and where the events took place. Plaintiff should also explain how Plaintiff is harmed by the actions of the Defendants. Plaintiff did not do so, instead, Plaintiff attached a "recall petition" which makes broad and conclusory allegations that the Franklin County School Board has violated the rights of Apalachicola High School students and caused undue hardship. Doc. 1, p. 5. Beyond objection to being transported on a bus for "over 20 miles . . . to Carrabelle High School," it is unclear what rights are allegedly being violated and in what manner.

Plaintiff has also attached one page of an unsigned "letter" which expresses that the School Board is racially discriminating against students. However, there are no facts which support a finding that any particular racial group of students are receiving unequal or preferential treatment. It is unknown how a*ny* students are being treated, where those students attend school, or how their rights are violated.

Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2), *quoted in* Dura Pharmaceuticals, Inc. v. Broudo, 125 S.Ct. 1627, 1634, 161 L.Ed.2d 577 (2005). Thus, Plaintiff must present factual allegations in an amended complaint that give the Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharmaceuticals, Inc., 125 S.Ct. at 1634, *quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). A lengthy recitation of details is unnecessary at this state of litigation, but there must be sufficient details to understand the basis for this action.

Moreover, Plaintiff's initial complaint is also insufficient because there are no numbered paragraphs which provide factual statements. In it's present form, a defendant is unable to provide a meaningful response to each statement because there is no organization. Under FED. R. CIV. P. 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." *Id.* Thus, Plaintiff must present factual allegations in a numbered paragraph, those facts shall be short, clear and concise statements of fact. Plaintiff must clearly explain the basis for this lawsuit.

**Report and Recommendation**

Finally, on August 23, 2007, Plaintiff filed an emergency motion requesting an emergency preliminary injunction. Doc. 5. Due to the "emergency" styling of the motion, it is considered within this Order to expedite this proceeding.

Plaintiff stated that on the first day of school, August 20, 2007, there was a need for the presence of law enforcement. *Id.* Plaintiff indicates there were "Black/White disturbances" and requests "expedited emergency intervention by the Court. . . ." *Id.* There are, however, no facts alleged within the motion which reveal a constitutional violation, that show that Defendants have violated the Constitution, or that the need for police presence is the result of the Defendants' action. Moreover, it is unknown what precise action is being requested by the Court or the type of injunctive relief sought. It is also not clear that there is a need for a court order to require the presence of law enforcement at some unknown location. This motion is deficient on its face and should be denied. The motion should also be denied because the complaint has been found to be deficient and, thus, there is no likelihood of success on the merits.

Case No. 4:07cv347-SPM/WCS

The decision of whether to granting a preliminary injunction is within the Court's discretion.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  In making that decision, a Court considers whether Plaintiff has established:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).  Plaintiff has not carried his burden and the motion must be denied.

    Accordingly, it is **ORDERED**:

    1.  Plaintiff's motion seeking leave to proceed *in forma pauperis*, doc. 2, is **GRANTED**.

    2.  The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form for use by non-prisons so that Plaintiff can file an amended complaint.[1]

---

[1] The amended complaint that is filed with the Clerk's Office shall contain Plaintiff's original signature, and Plaintiff shall retain an identical photocopy of the complaint for his records.

3.  Plaintiff shall have until **September 24, 2007**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

4.  **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

5.  The Clerk of Court shall refer this Order and Report and Recommendation to the assigned District Judge for consideration of the report and recommendation by **September 18, 2007**.

6.  Plaintiff shall have until **September 17, 2007**, to file any objections to this Order and Report and Recommendation.

7.  The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or no later than September 24, 2007.

It is further **RECOMMENDED** that the emergency motion for a preliminary injunction, doc. 5, be summarily **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, this 24th day of August, 2007.

       s/   William C. Sherrill, Jr.
       **WILLIAM C. SHERRILL, JR.**
       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**With respect to the report and recommendation, a party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**