IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SHERMAN LYNELL THOMAS,

    Plaintiff,

vs.                                    Case No. 4:07cv347-SPM/WCS

FRANKLIN COUNTY SCHOOL
BOARD, et al.,

    Defendants.

    _____/


## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this action on August 8, 2007, with the filing of a civil rights complaint, doc. 1, a "petition for injunction to stop busing, and for protection," doc. 3, and an "emergency motion in support of injunction." Doc. 5. The "emergency" motion was denied, docs. 5, 6 and 16, as was the earlier motion, docs. 3 and 23. Several motions are now pending in this case.

After service, Defendants filed motions to dismiss, docs. 17 and 20, and a motion to stay discovery until resolution of the motions to dismiss, doc. 21. The motion to stay was granted. Doc. 22. Plaintiff has now filed additional and repetitive motions for preliminary injunctions. Those motions will be addressed prior to ruling on the motions to dismiss.

Plaintiff filed a motion for injunctive relief, doc. 25, on January 14, 2008, addressing a variety of issues but, primarily, requesting that Plaintiff's son be removed from Carrabelle High School and be provided public transportation to attend Port St. Joe High School in a neighboring county. Doc. 25. Defendants have filed opposition to Plaintiff's motion, doc. 26, and request it be denied. There is no demonstration of any emergency situation in Plaintiff's motion.[1] If Plaintiff is due relief on his claims, that relief will be forth-coming as this case is resolved. Additionally, Plaintiff's motion fails to show a substantial threat of irreparable injury.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

---

[1] The problems cited by Plaintiff were: unspecified racial tensions; no junior/senior privileges; school did not administer semester exams; no shelter from rain at the bus stop; his son does not return home until 4:30 each day; no warning signs at the bus stop; concern for additional exams that will be approaching when his son has not taken first semester exams. Doc. 25, p. 1. Plaintiff alleges these "dire conditions" prevent his son from receiving a "fair and equitable education." Id. Notably, none of these conditions as alleged show Plaintiff's son is treated unfairly and inequitably compared to any other students.

Case No. 4:07cv347-SPM/WCS

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted absent a strong showing by the movant on all four of the prerequisites. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974). Plaintiff has not made that showing. The motion is insufficient on its face and should be denied.

    A week after filing the third motion for injunctive relief, doc. 25, Plaintiff filed a "dual motion ex parte to consider emergency 'extra ordinary circumstances' and reconsideration for 'injunctive relief for protection.' " Doc. 27. Defendants have again responded with opposition, doc. 28. In this fourth motion, doc. 27, Plaintiff contends that on January 15, 2008, two school resource officers entered a school bus and forcibly remove a black, male student, and according to Plaintiff, the student was removed and "handcuffed for exercising his First Amendment Right to Freedom of Speech." Doc. 27. That allegation does not show potential injury or harm; rather, it shows that sufficient personnel and procedures are in place to safeguard the students. There is no allegation of harm or injury to Plaintiff's son and this assertion does not warrant injunctive relief for protection. Indeed, the protection was in place with the presence of law enforcement.

    Plaintiff also complains about the fact that his son's bus has no air conditioning, but buses used to transport white students have air conditioning and are newer buses. Doc. 27, p. 1. Furthermore, it takes until 4:30 for his son to arrive home because "the White kids are bused home to Carrabelle" first and then driven on to Apalachicola. *Id.*

Case No. 4:07cv347-SPM/WCS

These allegations are also insufficient to warrant relief.  Should Plaintiff be able to demonstrate that white students are given preferential treatment, relief will be available at the conclusion of this case.  However, once again it must be pointed out to Plaintiff that this is *not* an emergency warranting preliminary injunctive relief.

Plaintiff then complains that his son was asked to help a teacher distribute exam papers, that the bathroom facilities are in poor condition, that his son has assigned bus seats, that the school is over-crowded, that there is "racial strife" at the Carrabelle High School, and that a lunch period was interrupted when two students had a physical altercation.  None of these conditions rise to the level of showing either a substantial threat of irreparable injury or that emergency injunctive relief is warranted.  This fourth motion should also be denied.

Ruling on the pending motions to dismiss is delayed while repetitive motions for preliminary injunctions are addressed.  The relief being sought by Plaintiff in both of these recent motions is the same as he has previously sought and been denied.  Such relief should once again be denied and Plaintiff should not file further repetitive motions.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third motion for injunctive relief, doc. 25, and his fourth such motion, doc. 27, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 13, 2008.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.