# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SHERMAN LYNELL THOMAS,**

    Plaintiff,

vs.                                                      Case No. 4:07cv347-SPM/WCS

**FRANKLIN COUNTY SCHOOL BOARD, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is *pro se*, filed an amended civil rights complaint, doc. 8, and the Defendants filed motions to dismiss with incorporated memoranda of law. Docs. 17, 20.[1] Defendants assert the complaint should be dismissed because it fails to state a claim, Plaintiff lacks standing, and no private cause of action is permitted under the No Child Left Behind Act, among other reasons. Doc. 17. Defendant Richards adopts the arguments presented by the other Defendants. Doc. 20.

Plaintiff was afforded an opportunity to file a response and directed to do so on or before December 21, 2007. Doc. 22. In a separate order, Plaintiff was reminded again

---

[1] Seven of the eight Defendants filed a motion to dismiss on November 14, 2007, doc. 17, and the last remaining Defendant, who was served with process a short time later, filed the second motion to dismiss on November 19, 2007, doc. 20.

of the deadline to file a response, and told that his "[f]ailure to file a responsive memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(C)(1). Doc. 23; *see also* doc. 22. Plaintiff filed a response on the deadline given, doc. 24, and the motions are ready for a ruling.

**Standard of Review**

Dismissal of a complaint, or a portion thereof, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted should not be ordered unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A court must accept as true the allegations of the complaint when ruling upon such a motion. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). *Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

**Claims of the Amended Complaint, doc. 8**

Plaintiff brought this case as a § 1983 action.  Doc. 8.  Plaintiff sues the Franklin County School Board, its members, and the superintendent.  The basis of the suit is the decision of the School Board to close the predominately Black high school in Apalachicola, where Plaintiff's son has attended,[2] temporarily consolidate that school with the predominately White school in Carrabelle, and then build a new, $41 million high school.  Plaintiff alleges that the new high school (which will be in Eastpoint according to Defendants) has "no real completion date."

Plaintiff alleges that Apalachicola High School was closed at the beginning of the 2007-2008 school year, and students from Apalachicola have been bused to Carrabelle High School, a distance of about 20 miles from Apalachicola.   Plaintiff also alleged that the "move has caused classroom overcrowding at" Carrabelle High School.  He claims there was "plenty of unused space" at the newer and larger Apalachicola High School, but that the Superintendent, who is from Carrabelle, used "her position and status to not bus the White students."

Plaintiff contends that on September 6, 2007, the School Board denied a request to transfer his son to Port St Joe High School, a school in a neighboring county.  Doc. 8, p. 4.  Plaintiff states that busing students "is abhorrent, disenfranchising, and is direly inconsiderate and a hardship on the parents involved . . . ."  *Id.*  Plaintiff claims that "under present consolidation planning, [Apalachicola High School] students will be the victims as is now, and has been since 2002, subjected to inequitable public education,

---

[2] Plaintiff's son is Black.  Doc. 24, p. 2.

discipline, and disparate treatment." *Id.*, at 5. Plaintiff asserts a violation of the No Child Left Behind mandate and school choice. *Id.*

In his response to the motions to dismiss, Plaintiff further elaborates upon his claims. Doc. 24. Apparently part of the problem facing Plaintiff's son is that he is mistreated by White students at the Carrabelle High School, which was formerly mostly White. *Id.*, p. 2. Plaintiff asserts: "The fact that their White world has been upset by the busing of A.H.S. Students to their predominately all White school has brought on rife racial threats (with) weapons, racial fights, and verbal racial epithets." *Id.* Plaintiff does not want his son to have to endure this kind of educational atmosphere. *Id.*

**Arguments raised**

Defendants present six grounds for dismissing this action. Doc. 17; doc. 20. Defendants asserts that (1) Plaintiff lacks standing; (2) Plaintiff failed to sufficiently plead a constitutional violation; (3) there is no private cause of action under the No Child Left Behind Act, 20 U.S.C. § 6301; (4) the School Board's decision concerning consolidation should be afforded deference; (5) the suit against the individual School Board members is redundant as Plaintiff also brings his claims against the School Board itself; and (6) the individuals named in this case are entitled to qualified immunity.

**Analysis**

    **Standing**

Article III of the United States Constitution restricts the power of federal courts to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. "In essence the question of standing is whether the litigant is entitled to have the court

decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975), *quoted in* Wooden v. Board of Regents, 247 F.3d 1262, 1273-1274 (11th Cir. 2001), and Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11, 124 S.Ct. 2301, 2308 (2004).

A plaintiff must demonstrate three things to establish standing: (1) he must show that he has suffered an "injury-in-fact;" (2) he must show a causal connection between the asserted injury-in-fact and the challenged action of the defendant; and (3) he must show that it is likely rather than speculative that "the injury will be redressed by a favorable decision." Wooden, 247 F.3d at 1273-1274; *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); Georgia State Conf. of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir. 1999); FEC v. Akins, 524 U.S. 11, 22-24, 118 S.Ct. 1777, 1785-86, 141 L.Ed.2d 10 (1998); Miccosukee Tribe of Indians v. Florida State Athletic Comm'n, 226 F.3d 1226, 1228 (11th Cir. 2000) (setting forth the three-part test for constitutional standing). In other words, "[t]he plaintiff must show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." Elk Grove Unified School Dist., 542 U.S. at 12, 124 S.Ct. at 2308.

Since Plaintiff has not alleged that he is a student, he has not alleged that he has suffered any injury by policies of the School District. Plaintiff's claims appear to pertain to his son, but Plaintiff's son is not a Plaintiff in this case and Plaintiff did not bring this action as "next friend." Like the parent-plaintiff in Elk Grove Unified School Dist., a parent has standing only as it is derived from the child. Plaintiff could remedy this defect with permission to amend the complaint to bring this action as "next friend" to his

minor son.  Consequently, dismissal should be granted for lack of standing.  Dismissal for this reason would be without prejudice with leave to amend and leave to amend would probably be granted in due course.  However, this is not the only problem with the complaint.

### Failure to State a Claim

Defendants also contend that Plaintiff failed to sufficiently plead a constitutional violation.  Defendants assert that Plaintiff's amended complaint "contains vague and conclusory allegations of unidentified constitutional violations."  Doc. 17, p. 8.  They correctly note that Plaintiff has not identified any particular constitutional provision which has been violated.  Rather, Plaintiff only contends that there has been a civil rights violation.  Doc. 8, p. 5.  Defendants are correct.  Such a conclusion without any supporting factual allegations is insufficient to state a claim.  To the degree Plaintiff broadly claimed the students "will be" subject to "inequitable public education, discipline, and disparate treatment," that claim is not supported by any facts showing that any student, much less Plaintiff or Plaintiff's son, have been subjected to conditions which are inequitable, disparate, or different from any other high school student in Franklin County, Florida.  The consolidation of the two schools, temporarily at Carrabelle High School, and eventually at the new high school in Eastpoint,[3] will mix the races in Franklin County at the high school level, but a mixing of students of different races is no basis for a constitutional claim.  Indeed, that is the constitutional goal.

---

[3] Defendants' motion to dismiss more clearly advises that the School Board decided to consolidate Franklin County's high school into a new high school Eastpoint, Florida.  Doc. 17, p. 8.  It is judicially noted that Eastpoint is midway between Apalachicola and Carrabelle.

Case No. 4:07cv347-SPM/WCS

**No Child Left Behind Act claims**

Defendants have argued that Congress did not provide for a private cause of action under the Act. The courts to consider this issue have held that Congress did not create a private cause of action under the No Child Left Behind Act.

> Every court that has considered whether the NCLBA evidences the unambiguous, *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 286, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002), intent to create a private cause of action has decided it does not. *See Alliance for Children, Inc. v. City of Detroit Pub. Schs.*, 475 F.Supp.2d 655, 658 (D.Mich.2007) (collecting cases).

Dunleavy v. New Jersey, 251 Fed.Appx. 80, 83, 2007 WL 3024535, 2 (3rd Cir. 2007). However, in the case relied upon by Defendants, Alliance for Children, Inc. v. City of Detroit Pub. Schs., 475 F.Supp.2d 655, 658 (D.Mich. 2007), the conclusion that no private cause of action exists was only considered as to that plaintiff, a Michigan corporation contracted by the State to provide supplemental educational services under the Act. 475 F.Supp.2d at 657. The court specifically did not address the issue of whether "students or parents could enforce the Act," because the corporate plaintiff would not have had standing to assert any such rights. *Id.*, at 662-663.

In Dunleavy, the plaintiff there was a teacher who was not hired and brought claims under the Age Discrimination and Employment Act as well as the No Child Left Behind Act. Dunleavy v. New Jersey, 251 Fed.Appx. 80, 83, 2007 WL 3024535, 1 (3rd Cir. 2007). The district court concluded that Dunleavy had no private right of action, and that ruling was affirmed. 251 Fed.Appx. at 83, 2007 WL 3024535, 2, *citing* Alliance for Children, Inc., *supra*. The case relied upon Alliance, and is still not relevant to the issue of whether a parent may bring a suit under the Act.

The first issue presented by Defendants, however, need not be decided. Defendants also argue that Plaintiff has not alleged sufficient facts to state a claim for relief. Doc. 17, p. 8. That is true. At most, Plaintiff's amended complaint claims that consolidation of two high schools violates the Act, but Plaintiff points to no language from the statute that prohibits consolidation of these two schools. Plaintiff's claims are, by and large, only conclusory allegations that Defendants, in some way, have violated the Act. The claim should be dismissed by the court for failure to state a claim upon which relief may be granted. *See* Cole v. Montague Bd. of Educ., 145 Fed.Appx. 760, 763, 2005 WL 2077188, 2 (3d Cir. 2005) (affirming dismissal and noting that "even if the No Child Left Behind Act created a private cause of action, the Coles did not allege sufficient facts to support this claim.").

**Claim concerning busing**

The claim concerning the impact of busing should be explained further. Plaintiff alleges that the School Board decided to bus all high school students from Apalachicola to Carrabelle High School during the construction of a new high school in Eastpoint. Doc. 8. Plaintiff has not, however, shown how that decision violates any constitutional right. Plaintiff *suggests* that there was a racial animus, at least on the part of one member of the School Board, in making Apalachicola students be bused to Carrabelle instead of the reverse, but there are simply no facts to support that conclusory allegation. Indeed, Plaintiff's amended complaint states that the School Board is acting in "a futile and desperate attempt to consolidate and thus save money." Doc. 8, p. 4 (emphasis in original). Plaintiff has not alleged any actions or comments by Defendants which would show that race was a factor in the decisions concerning which school to

close and, correspondingly, which students need busing to the other school.  Plaintiff's allegations reflect more of his displeasure at not being allowed to send his son to high school in Port St. Joe, Florida, rather than being on a bus to Carrabelle, Florida.  There is no challenge to the new high school location.

Defendants note that "Franklin County is not under a desegregation order."  Doc. 17, p. 11.  The complaint against Defendants is not concerned with, and does not allege, that the County is acting to remedy past discrimination or is operating under a desegregation order.  *Id.*  The complaint also does not contain allegations which show the consolidation decision and its busing ramifications have a racially discriminatory intent or purpose.  *Id.*, at 10.  To the contrary, Plaintiff's allegations reveal an intent to save money.  The decisions challenged by Plaintiff in this case are not discriminatory or unconstitutional, just unwanted.  Even though, accepting Plaintiff's allegations as true, that the busing decision is racially imbalanced and a higher number of Black students must ride a bus than white students, "racial imbalance, without more, does not violate the Constitution."  Anderson v. School Bd. of Madison County, 517 F.3d 292, 299 (5th Cir. 2008), *quoting* Cavalier v. Caddo Parish Sch. Bd., 403 F.3d 246, 260 (5th Cir. 2005).  Indeed, this short-term busing situation is designed, as can be understood from the pleadings, to unify and bring together students in Franklin County.  It appears there will no longer be two high schools, but all students will attend one county high school, eventually in Eastpoint, Florida.  There are no allegations of any racial discrimination in this plan and Plaintiff has failed to show that the implementing measures to obtain that goal contain discriminatory intent either.  Because Plaintiff has failed to present

sufficient allegations to show any Constitutional violation by the Defendants, the motions to dismiss should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that that Defendants' motions to dismiss, docs. 17 and 20, be **GRANTED**, and that Plaintiff's amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida, on May 19, 2008.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**